| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| CANAL BARGE COMPANY, INC., § § Plaintiff, § § *versus* § § TUBAL-CAIN MARINE SERVICES, INC., § § Defendant/ § Third Party Plaintiff, § § *versus* § § ECOWATER INDUSTRIES, § § Third Party Defendant. § | CIVIL ACTION NO. 1:09-CV-533 |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Canal Barge Company, Inc.'s ("Canal Barge") Motion to Consolidate (#15), wherein Canal Barge seeks consolidation into this action of two subsequently-filed civil actions, styled *Cruz Valenzuela v. Canal Barge, Inc. and Tubal-Cain Marine Services, Inc.*, No. 1:09-CV-813, and *In the Matter of Canal Barge Company, Inc.*, *in a Cause of Exoneration from or Limitation of Liability*, No. 1:09-CV-948. Both actions are assigned to United States District Judge Thad Heartfield. Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that consolidation is warranted.

Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule CV-42(b) provide that a trial court may consolidate actions involving common questions of law or fact, especially when doing so will avoid unnecessary cost or delay. *See* FED. R. CIV. P. 42(a); LOC. R. CV-42(b);

*accord St. Bernard Gen'l Hosp., Inc. v. Hospital Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) (citing *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 271 (5th Cir. 1974)). The district court has broad discretion in determining whether consolidation is desirable under Rule 42(a). *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993). Here, Civil Action Nos. 1:09-CV-813 and 1:09-CV-948 are substantially related to the instant action, as each proceeding involves common parties, the same subject matter and many common issues surrounding the cause of an explosion that occurred at Tubal-Cain Marine Services, Inc.'s ("Tubal-Cain") shipyard facility on July 23, 2008, in Port Arthur, Texas. *See In re Dearborn Marine Serv., Inc.*, 499 F.2d at 271 (affirming district court's decision to consolidate wrongful death action and limitation petition where cases arose from same barge explosion); *Trevizo v. Cloonan*, No. P-00-CA-028, 2000 WL 33348794, at *2 (W.D. Tex. Nov. 29, 2000) (consolidating actions stemming from same disaster).

Canal Barge filed the instant suit, which was assigned Civil Action No. 1:09-CV-533, on July 13, 2009, against Tubal-Cain for damages to its tank barge, CBC 7022. Subsequently, Tubal-Cain answered and filed a third-party complaint against EcoWater Industries ("EcoWater"), alleging that EcoWater negligently cleaned the tank barge and is, therefore, responsible for the explosion, as well as all damages sustained by Canal-Barge and Tubal-Cain stemming therefrom. In Civil Action No. 1:09-CV-813, Plaintiff Cruz Valenzuela sued Tubal-Cain and Canal Barge for personal injuries he sustained as a result of the same explosion. Thereafter, Canal Barge, in Civil Action No. 1:09-CV-948, filed a Complaint and Petition for Exoneration and/or Limitation of Liability, disclaiming any liability for losses sustained as a result of the explosion.

Counsel for Canal Barge represents that all parties potentially affected by the consolidation are unopposed to this motion. *See* Docket Nos. 15, 16. Moreover, it appears that consolidation will avoid unnecessary cost and delay. Accordingly, Canal Barge's motion to consolidate is GRANTED. An order of consolidation will be filed separately.

SIGNED at Sherman, Texas, this 7th day of December, 2009.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE